ZACHARIAH DIES, plaintiff in error, vs. ALPHOURA HURTEL, defendant in error.

A minor below the age of 17 years, not liable to military service, and who has volunteered into the service, is notwithstanding entitled to a discharge, upon application, by *habeas corpus.* He is incapable of giving his consent to a contract by which he would be bound.

*Habeas Corpus.* Decided by Judge LOCHRANE. At Chambers. November 1864.

The plaintiff in error was but sixteen years of age on the 6th of April 1864. His father was dead—had been dead five years; his mother was living. Without the consent of his surviving parent—indeed against her express protest—he enlisted as a substitute in the army of the Confederate States. She procured his discharge on *habeas corpus*; and he again enlisted without her consent, and in opposition to her protest. Afterwards, he absented himself from his company without leave, and was arrested, sent to Macon, and there put in the military prison. Being sent out of the prison under guard, to cut wood in the City, he escaped; he was recaptured, and started under guard to his command, when he again escaped. Being again arrested and brought back, he was lodged in the same prison to be sent in a few days, under guard, to his command. No charge for any military offence had been preferred against him.

He now sued out a writ of *habeas corpus* against Capt. Hurtel, the keeper of the prison, for his discharge. His mother was not a party to the proceeding, though she verified, by her affidavit, his petition for the writ, and she testified in his behalf at the hearing. The writ was issued by Judge Lochrane on the 9th of November 1864. It was returned and heard the next day, when the facts above stated appeared in evidence. Judge Lochrane, upon these facts, refused to discharge him. This is the error complained of.

N. J. HAMMOND, representing BRANHAM, for the plaintiff in error, was stopped by the Court.

No appearance for the defendant.

LYON, J.

The plaintiff in error, being a minor under the age of 17 years, at which he would have been subject to military duty, was, on that account, entitled to his discharge. He could not make a consent or contract for service that was binding on him, and the military authorities had no other claim upon him. See *Moncrief vs. Hurtel*, decided at Macon, January Term 1863.